IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| **SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST**, | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) Civil Action No. 4:19-cv-45 |
| **WILLIAMSBURG CHRISTIAN ACADEMY**, | )<br>) |
| <u>Serve</u>:  Knicely Law Firm, P.C.<br>        Registered Agent<br>        487 McLaws Circle, Ste 2<br>        Williamsburg, VA  23185 | )<br>)<br>)<br>) |
| **Defendant.** | )<br>) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Selective Insurance Company of the Southeast ("Selective"), by counsel, states as follows as its Complaint for Declaratory Judgment against Defendant Williamsburg Christian Academy.

### I.   Parties

1. Plaintiff Selective is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business located in the State of North Carolina. Selective is a citizen of the State of Indiana and the State of North Carolina. Selective is authorized to conduct business in the Commonwealth of Virginia.

2. Defendant Williamsburg Christian Academy is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business located in Williamsburg, Virginia. Williamsburg Christian Academy is a citizen of the Commonwealth of Virginia.

## II. Jurisdiction and Venue

3. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202.

4. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff Selective, and Williamsburg Christian Academy and the amount in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## III. Facts

**The Van Bergen Lawsuit**

6. On May 25, 2018, the lawsuit styled *Peter J. Van Bergen & Jamie Van Bergen v. Williamsburg Christian Academy*, Case No. CL 18-00110800, was filed in the Circuit Court for Williamsburg/James City County (the "Van Bergen Lawsuit"). A true and accurate copy of the Complaint filed in the Van Bergen Lawsuit is attached hereto as Exhibit A.

7. The Van Bergen Lawsuit asserts claims against Williamsburg Christian Academy related to the breach of a contract allegedly entered into between Peter and Jamie Van Bergen and Williamsburg Christian Academy.

8. As alleged in the Complaint filed in the Van Bergen Lawsuit, Peter and Jamie Van Bergen entered into a written agreement with Williamsburg Christian Academy regarding the enrollment and attendance of their son John Van Bergen ("John") at Williamsburg Christian

Academy, whereby the Van Bergen's tendered payment of tuition and fees, and in consideration, the school offered enrollment of John as a student for the ensuing academic year.

9. The Complaint alleges that the contractual relationship between Peter and Jamie Van Bergen and Williamsburg Christian Academy is explicitly acknowledged in the Student/Parent Handbook (the "Handbook"). The Handbook is attached as Exhibit A to the Complaint filed in the Van Bergen Lawsuit.

10. Alternatively, the Complaint alleges that the relationship between Peter and Jamie Van Bergen and Williamsburg Christian Academy created an implied contract by virtue of the Van Bergen's payment of tuition and fees and the school's acceptance of payment and enrollment of John as a student.

11. The Complaint alleges that John was enrolled at Williamsburg Christian Academy on a continuing yearly basis beginning in 2008 and concluding with the 2015-2016 school year.

12. The Complaint asserts that Williamsburg Christian Academy instituted the disciplinary process against John related to an incident on April 1, 2016. The Complaint further asserts that John was suspended from school in a manner which was inconsistent with the Handbook, as well as inconsistent in the context of other disciplinary rulings issued for in-school criminal behavior occurring in the spring of 2016.

13. The Complaint further alleges that Williamsburg Christian Academy breached their contract with Peter and Jamie Van Bergen.

14. The Complaint asserts that Williamsburg Christian Academy breached the contract by failing to provide an educational experience for John consistent with the Handbook and representations made by the school.

15. The Complaint further asserts that Williamsburg Christian Academy breached the contract by failing to properly follow disciplinary procedures set forth in the Handbook.

16. The Complaint further asserts that Williamsburg Christian Academy breached the contract by failing to treat John in a manner consistent with the treatment of other students.

17. The Complaint further asserts that Williamsburg Christian Academy breached the contract by failing to properly provide administration officials, faculty, and staff who were qualified and who fulfilled the qualifications they claimed to have with respect to education, background, and accomplishments.

18. The Complaint asserts two counts against Williamsburg Christian Academy, including:

    a. Count I – Breach of Contract, which alleges that Williamsburg Christian Academy breached a contract with Peter and Jamie Van Bergen which was explicitly acknowledged in the Handbook;

    b. Count II – Breach of Implied Contract, which alleges that Williamsburg Christian Academy breached an implied contract with Peter and Jamie Van Bergen which was created by virtue of the Van Bergen's payment of tuition and fees and the school's acceptance of payment and enrollment of John as a student.

19. The Complaint seeks judgment against Williamsburg Christian Academy in the amount of $100,000.00 plus interest from the date of judgment until paid and court costs.

20. Williamsburg Christian Academy, through counsel, has demanded that Selective provide Williamsburg Christian Academy a defense in the Van Bergen Lawsuit under the Policy.

21. Selective is currently providing Williamsburg Christian Academy a defense against the Van Bergen Lawsuit under the Selective Policy (defined below), subject to a full reservation of rights. Selective denies that it owes a duty to defend or indemnify Williamsburg Christian Academy in connection with the Van Bergen Suit under the Selective Policy.

**The Selective Policy**

22. Selective issued Policy No. S2128500, effective July 1, 2017 to July 1, 2018, to "Williamsburg Christian Academy and Williamsburg Christian Academy Endowment Fund" as the named insureds (the "Selective Policy").

23. The Selective Policy includes School Board Legal Liability, Commercial General Liability, and Commercial Umbrella Liability coverage parts that are relevant to Selective's position regarding coverage under the Selection Policy in connection with the Van Bergen Suit.

**The Selective Policy – School Board Legal Liability Coverage**

24. The Selective Policy contains the following insuring agreement applicable to Coverage A – Educators Legal Liability:

> **SECTION I – COVERAGE**
> **A. Insuring Agreement**
> **1. COVERAGE A – EDUCATORS LEGAL LIABILITY**
> We will pay, on behalf of the insured, those sums that the insured becomes legally obligated to pay as "damages" by reason of a "wrongful act" that takes place in the "coverage territory" to which this insurance applies, but only as a result of a "claim" first made against the insured during the "policy period". This insurance does not apply to "wrongful act(s)" which have occurred before the Retroactive Date, if any, shown in the Declarations or which occur after the policy period". . . .

(Policy, SC 00 01VA 05 15, p. 1 of 13).

25. The Selective Policy contains the following relevant exclusions applicable to Coverage A – Educators Legal Liability:

5

  **C.** **Exclusions**

  This insurance does not apply to any "damages", "claims" or "suits":

  **1.** **COVERAGE A – EDUCATORS LEGAL LIABILITY**

***

  **d.** Directly or indirectly arising out of the failure, refusal, or inability of the insured to enter into, renew, award by bid, or perform any contract or agreement.

  **e.** For liability assumed in any contract or agreement. This exclusion does not apply to liability for "damages" that the insured would have in the absence of the contract or agreement.

***

(Policy, SC 00 01VA 05 15, p. 2 of 13).

**The Selective Policy – Commercial General Liability Coverage**

  26. The Selective Policy contains the following insuring agreement applicable to Coverage A – Bodily Injury and Property Damage Liability:

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.** **Insuring Agreement**

  **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

  **b.** This insurance applies to "bodily injury" and "property damage" only if:

  **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

  **(2)** The "bodily injury" or "property damage" occurs during the policy period; and . . .

***

(Policy, CG 00 01 04 13, p. 1 of 16).

27. The Selective Policy contains the following relevant exclusion applicable to Coverage A – Bodily Injury and Property Damage Liability:

**2.     Exclusions**

This insurance does not apply to:

***

**b.     Contractual Liability**

"Bodily injury" or "property damage" for which the Insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

**(1)**   That the insured would have in the absence of the contract or agreement; or

**(2)**   Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. . . .

***

(Policy, CG 00 01 04 13, p. 2 of 16).

28. Finally, the Selective Policy contains the following relevant definitions, applicable to the Commercial General Liability Coverage Form:

***

**13.**   "Occurrence" means an accident, including continuous or repeated exposure to    substantially the same general harmful conditions.

***

**17.**   "Property damage" means:

**a.**   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

**b.**   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or

7

> floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

*  *  *

(Policy, CG 00 01 04 13, pp. 15-16 of 16).

29. The Selective Policy also contains the following relevant definition, as modified by ElitePac General Liability Endorsement, applicable to the Commercial General Liability Coverage Form:

*  *  *

**Mental Anguish Amendment**

(This provision does not apply in New York).

Definition **3.** "Bodily injury" under **SECTION V – DEFINITIONS** is deleted in its entirety and replaced with the following:

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. This includes mental anguish resulting from any bodily injury, sickness or disease sustained by a person. (In New York, mental anguish has been determined to be "bodily injury").

*  *  *

(Policy, CG 73 00 04 16, p. 8 of 8).

**The Selective Policy – Commercial Umbrella Liability Coverage**

30. The Selective Policy contains the following insuring agreement applicable to Section I – Coverages:

**SECTION I – COVERAGES**

**A.    Insuring Agreement**

**1.** We will pay on behalf of the insured the "ultimate net loss" in excess of the "retained limit" that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages when the "underlying insurance" does not provide coverage or the limits of "underlying insurance" have been exhausted. When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other "suit" seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against

        any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply. . . .

2. This insurance applies to "bodily injury", or "property damage" only if:

    **a.** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **b.** The "bodily injury" or "property damage" occurs during the policy period; and . . .

***

(Policy, CXL 4 04 03, p. 1 of 17).

31. The Scheduled Policy Following Form Liability Coverage Endorsement changes the Policy in part and provides in pertinent part as follows:

1. The following is added to **SECTION I – COVERAGES, A. Insuring Agreement:**

    7. Excess Following Form Liability Coverage over Underlying Claims Made or Occurrence Coverage for Scheduled Policies.

        **a.** With respect to coverages provided by the "underlying insurance" and subject to the aggregate limit applicable to the Commercial Umbrella Liability Coverage Part to which this endorsement is attached, we will pay, on behalf of the insured, the "ultimate net loss" in excess of the applicable Limits of Liability of the "underlying insurance" listed in the Declarations, but only for the Scheduled Coverage Part(s) listed in this endorsement provided that:

            **(1)** The "ultimate net loss" is caused by an occurrence, damages and/or wrongful act(s), as defined by the "underlying insurance", happening in the "coverage territory" during the policy period. With respect to any "underlying insurance" for the Scheduled Coverage Part(s) that is written on a claims-made basis, this insurance does not apply to damages or wrongful act(s), as defined by the "underlying insurance", which occurred before the Retroactive Date, if any, shown in the Declarations of the "underlying insurance" or which occur after the policy period.

            **(2)** Coverage would have been afforded by the "underlying insurance" but for the exhaustion of the Limit of Liability shown in the Declarations for the Scheduled Coverage Part(s). . . .

9

> Coverage under this Endorsement follows the form, and any applicable endorsement, of the Scheduled Coverage Part(s) and is subject to the same terms, conditions, agreements, exclusions and definitions as those contained in the Coverage Part as set forth as Scheduled Coverage Part(s), unless otherwise provided in this Coverage Part or endorsements to this Coverage Part.

\*\*\*

(Policy, CXL 446 03 11, p. 1 of 2).

32. The Selective Policy contains the following relevant exclusion applicable to Section I – Coverages:

> **B.  Exclusions**
>
> This insurance does not apply to:
>
> \*\*\*
>
> **2.  Contractual Liability**
>
> Any obligation or liability assumed by the insured under any contract or agreement.
>
> This exclusion does not apply to the extent that coverage is provided for the insured by "underlying insurance".

\*\*\*

(Policy, CXL 4 04 03, p. 2 of 17).

33. Finally, the Selective Policy contains the following relevant definitions, applicable to the Commercial Umbrella Liability Coverage Form:

> **SECTION V – DEFINITIONS**
>
> \*\*\*
>
> **3.**  "Bodily injury" means bodily injury, sickness, disease or disability sustained by a person, including death from any of these at any time including mental anguish or mental injury sustained by a person who has suffered a covered "bodily injury" as defined in this paragraph.
>
> \*\*\*
>
> **12.**  "Occurrence" means:
>
> **a.**  An accident, including continuous or repeated exposure to substantially the same general harmful conditions that result in "bodily injury" or "property damage". All damages arising from continuous or repeated exposure to substantially the same general conditions shall be deemed one "Occurrence".

10

      **b.**    An offense that results in "personal and advertising injury". This does not include an offense committed with actual malice. All damages that arise from the same general conditions shall be deemed to arise from one "Occurrence". All damages involving the same injurious act, regardless of the frequency, repetition or the number of kind of media used, or the number of claimants shall be deemed to arise from one "occurrence".

***

**17.**    "Property damage" means:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

For the purposes of this insurance, electronic data is not tangible property.

As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, (including systems and applications software), hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

***

(Policy, CXL 04 04 03, pp. 13-17 of 17).

## COUNT I – DECLARATORY JUDGMENT

34.    Selective realleges and reincorporates herein by reference the allegations set forth in the foregoing paragraphs.

35.    An actual controversy exists between Selective and Williamsburg Christian Academy concerning whether Williamsburg Christian Academy is entitled to coverage with respect to the Van Bergen Lawsuit under the Selective Policy. There is no adequate remedy, other than that requested herein, by which this controversy may be resolved.

36.    Selective seeks a declaration pursuant to 28 U.S.C. § 2201 and § 2202 that Williamsburg Christian Academy is not entitled to coverage with respect to the Van Bergen Lawsuit under the Selective Policy.

37. Selective is entitled to this declaratory judgment:

    a. With respect to School Board Legal Liability, Coverage A – Educators Legal Liability:

        i. Because coverage is excluded under Exclusion 1.d (excluding coverage for any damages, claims, or suits directly or indirectly arising out of the failure, refusal, or inability of the insured to enter into, renew, award by bid, or perform any contract or agreement) applicable to Coverage A – Educators Legal Liability because the Van Bergen Lawsuit contains only two counts, Count I - Breach of Contract and Count II – Breach of Implied Contract; and/or

        ii. Because coverage is excluded under Exclusion 1.e (excluding coverage for any damages, claims, or suits for liability assumed in any contract or agreement) applicable to Coverage A – Educators Legal Liability because the Van Bergen Lawsuit contains only two counts, Count I - Breach of Contract and Count II – Breach of Implied Contract; and/or

    b. With respect to Commercial General Liability, Coverage A – Bodily Injury and Property Damage Liability:

        i. Because the Van Bergen Lawsuit does not seek to impose liability because of "bodily injury" or "property damage" within the insuring agreement applicable to Coverage A – Bodily Injury and Property Damage Liability; and/or

        ii. Because the Van Bergen Lawsuit does not allege an "occurrence" within the insuring agreement applicable to Coverage A – Bodily Injury and Property Damage Liability; and/or

     iii. To the extent that Williamsburg Christian Academy is obligated to pay damages for "bodily injury" or "property damage" caused by an "occurrence," coverage is excluded under Exclusion 2.b Contract Liability applicable to Coverage A – Bodily Injury and Property Damage Liability; and/or

  c. With respect to Commercial Umbrella Liability excess of the Policy's School Board Legal Liability Coverage for the same grounds stated in Paragraph 41(a)(i-ii) *supra*; and/or

  d. With respect to Commercial Umbrella Liability excess of the Policy's Commercial General Liability Coverage:

     i. Because the Van Bergen Lawsuit does not seek to impose liability because of "bodily injury" or "property damage" within the insuring agreement applicable to Section I – Coverages; and/or

     ii. Because the Van Bergen Lawsuit does not allege an "occurrence" within the insuring agreement applicable to Section I – Coverages; and/or

     iii. To the extent that Williamsburg Christian Academy is obligated to pay damages for "bodily injury" or "property damage" caused by an "occurrence," coverage is excluded under Exclusion B.2 Contractual Liability applicable to Section I – Coverages (excluding coverage for any obligation or liability assumed by the insured under any contract or agreement); and/or

  e. To the extent that other provisions or exclusions bar coverage for Williamsburg Christian Academy under the Selective Policy with respect to the Van Bergen Lawsuit.

WHEREFORE, Selective respectfully requests that this Court:

1. Declare that the Selective Policy does not provide coverage (defense or indemnity) to Williamsburg Christian Academy with respect to the Van Bergen Lawsuit; and

2. Award such other and further relief as this Court deems just and proper.

**Respectfully Submitted,**

**SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST**


**By:** /s/John B. Mumford, Jr.
   **Counsel**


John B. Mumford, Jr.  (VA Bar No. 38764)
Jessica A. Swauger  (VA Bar No. 89612)
HANCOCK, DANIEL & JOHNSON P.C.
4701 Cox Road, Suite 400
Glen Allen, Virginia 23060
jmumford@hancockdaniel.com
jswauger@hancockdaniel.com
T:  (804) 967-9604
F:  (804) 967-9888
*Counsel for The Selective Insurance Company of the Southeast*